# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 5:13-cr-00006 JLT |
| Plaintiff. | ORDER GRANTING DEFENDANT'S MOTION IN LIMINE |
| v. | (Doc. 10) |
| EVERETT W. MARTIN, | ORDER ON MOTION FOR DISCOVERY |
| Defendant. | (Doc.11) |
| | ORDER VACATING HEARING ON PRE TRIAL MOTIONS |

### I. Defendant's Motion in Limine

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984). The Ninth Circuit explained motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." Brodit v. Cabra, 350 F.3d 985, 1004-05 (9th Cir. 2003) (citations omitted). Likewise, the Seventh Circuit found motions in limine are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

In his motion in limine, Defendant seeks to exclude his statements made at the time of his initial appearance. At that hearing, in response to the Court's question whether he wished to have

counsel appointed, Defendant entered into an explanation for his acts on the day he received his citation. Defendant explained he had a medical marijuana recommendation card for the "blunt" he had in his possession and did not know he could be found to be in violation of federal law despite the recommendation card. Defendant seeks to exclude his statements based upon the argument that he had not yet been advised of his rights.

To the contrary, at the inception of the Court's calendar, the Court advised the defendants en masse, of their rights; among other rights, they were advised of the right to counsel and the right against self-incrimination. Also, they were offered the opportunity to ask questions. Though Defendant was not advised of his rights individually before he made the statements, the suggestion that he was unaware of them, is unsupported. In any event, the government does not oppose the statement being excluded. (Doc. 14) Therefore, the motion in limine is **GRANTED**.

**II.     Defendant's Motion in Limine**

Before the Court is the motion filed by the Defendant for discovery and the responsive motion filed by the government.

I.      Categories of Discovery by Defense

1.      Defendant's statements – The government asserts it intends to rely only on the statements Defendant made at the time of the citation and that all such statements have been disclosed. (Doc. 15 at 1) Thus, the motion is **MOOT.**

2.      Complete inventory of evidence – The government reports the only evidence seized was "a green cylinder with a label identifying its contents as marijuana and containing 2.34 grams of marijuana. The marijuana seized is currently in the custody and control of the Edwards Air Force Base, Security Forces Squadron. The custodian is Investigator Mark D. Curry. He may be reached at (661) 277-2826. No other items were seized from the Defendant." (Doc. 15 at 2)

In addition, the government reports it provided a copy of the incident report and will provide a copy of "the Defendant's Consent for Search and Seizure." (Doc. 15 at 2) If it has not already been provided, by the time of this order, Plaintiff SHALL provide the consent form no later than **July 31, 2013**. Thus, the motion is **GRANTED.**

3.      Request for inspection of evidence:

2

1          a.      Photographs – The government reports no photographs were taken. Thus, the motion is **DENIED.**

          b.      All documents relating to ORI Number CA01500DS or Case Number I20121000001 – The government responds that it "previously provided the Incident Report and will now provide copies of the evidence tags, the blotter entry, scale calibration details, investigator's certificate, NIS results, receipt of inmate and consent for search and seizure." If it has not already been provided, by the time of this order, Plaintiff SHALL provide the documents form later than **July 31, 2013**. Thus, the motion is **GRANTED.**

    4.    Copies all CDs or DVDs – The government indicates there are no such records so the request is **DENIED**. (Doc. 15 at 2)

    5.    Scientific reports – The government reports, "Investigator Mark D. Curry used a Narcotics Identification Kit to test the substance seized from Defendant's vehicle. This test returned a positive result for marijuana as indicated by the purple stripe identified by Investigator Curry." (Doc. 15 at 2) Thus, the motion is **GRANTED.**

    In addition, the government reports Sr. Airman Philip Hamlett, who has received training in recognizing marijuana, also analyzed the material allegedly seized from Defendant's vehicle. Both Hamlett and Curry noted the distinctive scent of the material to be consistent with marijuana and observed the physical characteristic of the material to be consistent with marijuana. Curry has been trained to identify marijuana and has viewed marijuana more than 50 times during his law enforcement duties.

    6.    Copies of fingerprints/palm prints/DNA analysis - The government indicates there are no such records so the request is **DENIED**. (Doc. 15 at 2)

    7.    Video/audio or still photos – The government indicates an audio recording was made of the order dispatching the officers to the scene. (Doc. 15 at 2) The government indicates it will provide a copy of the CD with this recording. Id. If it has not already been provided, Plaintiff SHALL provide the CD no later than **July 31, 2013**.

    8.    Reports, recording and documents by law enforcement – The government reports copies of the evidence tags used for the alleged marijuana will be provided and it will produce the

container for inspection. (Doc. 15 at 2)  Thus, the motion is **GRANTED** and Plaintiff SHALL provide the copy of the tags no later than **July 31, 2013**.

      a.    Dispatch logs related to the investigation - In addition, the government reports it will provide "any dispatch logs from that incident" and the government reports the officers did not take notes, other than those contained on the citation. (Doc. 15 at 2-3) Assuming a dispatch log exists, the government SHALL provide it to Defendant's counsel no later than **July 31, 2013.**

      b.    Dispatch logs related to the conversations with the defendant– Other than the audio recording of the dispatch, the government reports no other dispatch log exists.  (Doc. 15 at 3) Thus, the motion is **DENIED.**

      c.    Reports, notes, photos/video of search of vehicles related to the investigation – Other than the consent form mentioned above, the government reports there are no other documents. (Doc. 15 at 3)   If it has not already been provided, by the time of this order, Plaintiff SHALL provide the consent form no later than **July 31, 2013**. Thus, the motion is **GRANTED.**

      d.    Reports, notes, photos/video of search of residences related to the investigation – The government reports there was no search of any residence related to this investigation.  (Doc. 15 at 3)  Therefore, the motion is **DENIED**.

    9.    Statements made by witnesses – According to the *Jenks Act,* "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." (18 U.S.C. 3500(a))  In any event, the government indicated it has provided all such statements. (Doc. 15 at 3) Therefore, the motion is **DENIED**.

    10.    Other *Jenks Acts* statements – According to the *Jenks Act,* "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  (18 U.S.C. 3500(a))  The government reports there were no witness statements gathered except the statement made by Defendant which has been provided.  (Doc. 15 at 3) Thus, the motion is **DENIED**.

4

11a. All exculpatory evidence - The government has represented it knows of no exculpatory evidence except Defendant's claims made at his initial appearance that he was in possession of "a blunt" given that no such "blunt" was found. (Doc. 15 at 3) Thus, the motion is **DENIED**.

b. Impeachment evidence – The government will provide derogatory information contained in the officers' personnel files. (Doc. 15 at 3) The motion is **GRANTED** and the government is ORDERED to produce all such material as to any officer who will testify no later than **July 31, 2013**.

c. Statements of persons interviewed related to the investigation – The government represents there are no such documents. (Doc. 15 at 3) Thus, the motion is **DENIED**.

12. Examination of the personnel files of the testifying witnesses for perjurious conduct – Seemingly, the government admits its understanding of its *Henthorn*[1] obligations and agrees to comply. The motion is **GRANTED** and the government is **ORDERED** to produce all *Henthorn* material once the government determines which, if any, military personnel will testify. Thus, the motion is **GRANTED** and no later than **July 31, 2013**, the government SHALL produce the requested information.

13. Statement whether any intended witness has any criminal conviction – The government reports it will request this information for Hamlett and Curry and will produce the records if any are found. Thus, the motion is **GRANTED** and no later than **July 31, 2013**, the government SHALL produce the requested information.

14. Any other evidence favorable to the defense - The government has indicated that any exculpatory evidence will be provided. Thus, the motion is **GRANTED** and no later than **July 31, 2013**, the government SHALL produce the requested information.

15. Identification of any expert witness and production of a written summary of the testimony the government intends to use – Given this request was not made until 23 days before trial, the request that this information be provided 45 days before trial is **DENIED**. However, as to the

---

[1] *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) (The government is required to provide information impeaching of the testifying government witnesses which is contained in the witnesses' personnel file.)

substance of the motion, the government provides a summary of the testimony to be given by Curry and Hamlett. Thus, the motion is **GRANTED**.

16. Information related to prior bad acts by the Defendant – The government intends to rely upon evidence that when Defendant's car was stopped, he failed to provide proof of registration. Thus, the motion is **GRANTED**.

17. Identification of any evidence the government intends to use in its case-in-chief - The government reports it intends to rely upon the statements made by Defendant at the scene of the citation, the alleged marijuana, the container in which it was found along with the evidence tags. Therefore, the motion is **GRANTED.**

18. A copy of Defendant's prior criminal record – The government agrees to provide a copy of Defendant's CLETS print-out. Thus, the motion is **GRANTED** and no later than **July 31, 2013**, the government SHALL produce the information.

**ORDER**

Based upon the foregoing, the government SHALL provide the information within the time-frames outlined above. If Defendant wishes to view the evidence in advance of trial, he SHALL make arrangements with counsel for the government to do so no later than **July 31, 2013**.

IT IS SO ORDERED.

Dated: __**July 24, 2013**__             __**/s/ Jennifer L. Thurston**__
                                                                          UNITED STATES MAGISTRATE JUDGE